

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BENJAMIN LESTER, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-404-A |
| | § | |
| UNITRIN SAFEGUARD INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Came on for consideration the motion by defendant, Unitrin
Safeguard Insurance Company, to dismiss. Doc.[1] 16. Having
considered the motion and brief in support thereof, the response
by plaintiffs, Benjamin Lester and Timothy Strannix, the record,
and the applicable authorities, the court finds that such motion
should be granted.

I.

## Factual Background

In summary form, plaintiffs allege in their second amended
complaint:

Plaintiffs purchased an insurance policy ("the policy")
from defendant to insure plaintiffs' property ("the property").
Doc. 15 ¶¶ 4-5. On June 5, 2018, a storm damaged the property,

---

[1] The "Doc. ___" reference is to the number of the item on the docket in this action.

particularly the roof.  Id. ¶¶ 8-9.  Storm damage constitutes a covered loss under the policy.  Id.  On or around June 11, 2018, defendant's adjuster inspected the property and failed to document any of the roof damage caused by the storm.  Id.  ¶ 43. Instead, such damage was attributed to wear and tear, which is not covered by the policy.  Id. ¶ 44.  Based on the inspection, defendant created an estimate that did not allow for adequate funds to repair the damage caused by the storm or restore the property to its pre-loss condition.  Id. ¶¶ 8-11.

## II.

### Procedural Background

On March 20, 2020, plaintiffs initiated this action in state court by filing their original petition.  Doc. 1-5.  On April 28, 2020, defendant removed the action to this court. Doc. 1.  On June 15, 2020, plaintiffs filed their first amended complaint, Doc. 13, and on June 22, 2020, they filed their second amended complaint, the current operative pleading, Doc. 15.  In the second amended complaint, plaintiffs bring causes of action for breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), violations of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing.  Id.  Specifically, plaintiffs allege that defendant committed the following violations of the DTPA:

2

    I.    Using or employing an act or practice in
         violation of the Texas Insurance Code.  Tex. Bus.
         & Com. Code § 17.50(a)(4).

    II.   Unreasonably delaying the investigation,
         adjustment, settlement offer, and prompt
         resolution of plaintiffs' claim.  Tex. Ins. Code
         § 541.060(a)(2)-(5).[2]

   III.  Failure to properly investigate plaintiffs'
         claim.  Tex. Ins. Code § 541.060(7).[3]

    IV.  Hiring and relying upon a biased adjuster, in
         this case defendant's assigned adjuster and
         retained engineer, to obtain a favorable,
         results-oriented report, and to assist defendant
         in severely underpaying and/or denying
         plaintiffs' damage claim.  Tex. Bus. & Com. Code
         § 17.46(31).

Doc. 15 ¶ 23.

Plaintiffs allege that defendant committed the following

violations of the Texas Insurance Code:

    I.    Misrepresenting to plaintiffs pertinent facts or
         policy provisions relating to the coverage at
         issue.  Tex. Ins. Code § 541.060(a)(1).

    II.   Failing to attempt, in good faith, to effectuate
         a prompt, fair, and equitable settlement of a
         claim with respect to which the insurer's
         liability has become reasonably clear.  Tex. Ins.
         Code § 541.060(a)(2)(A).

   III.  Refusing to pay a claim without conducting a
         reasonable investigation with respect to the
         claim.  Tex. Ins. Code § 541.060(a)(7).

---

[2] Although this claim is brought pursuant to the Texas Insurance Code, plaintiffs listed it as a DTPA violation.  Doc. 15 ¶ 23(B).
[3] The second amended complaint lists the alleged violation of Tex. Ins. Code § 541.060(7) in both the DTPA section and the Insurance Code section.  Doc. 15 ¶¶ 23(C), 33(c).

IV.  Knowingly misrepresenting to a claimant pertinent
facts or policy provisions relating to coverage
at issue.  Tex. Ins. Code § 542.003(b)(1).

V.  Engaging in false, misleading, and deceptive acts
or practices under the DTPA.  Tex. Ins. Code
§ 541.151(2).

Doc. 23 ¶ 33.

On July 6, 2020, defendant filed its motion to dismiss.
Doc. 16.

III.

Grounds of the Motion

Defendant seeks the dismissal of plaintiffs' claims

regarding the Insurance Code, DTPA, and duty of good faith and

fair dealing on the grounds that plaintiffs failed to state a

claim upon which relief may be granted.  Doc. 17 at 4-13.  The

motion does not seek the dismissal of plaintiffs' breach of

contract claim.

IV.

Applicable Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure

provides, in a general way, the applicable standard of pleading.

It requires that a pleading contain "a short and plain statement

of the claim showing that the pleader is entitled to relief,"

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair

notice of what the claim is and the grounds upon which it

4

rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)
(internal quotation marks and ellipsis omitted). Although a
pleading need not contain detailed factual allegations, the
"showing" contemplated by Rule 8 requires the pleader to do more
than simply allege legal conclusions or recite the elements of a
cause of action. Id. at 555 & n.3. Thus, while a court must
accept all of the factual allegations in the pleading as true,
it need not credit bare legal conclusions that are unsupported
by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S.
662, 679 (2009) ("While legal conclusions can provide the
framework of a complaint, they must be supported by factual
allegations.").

Moreover, to survive a motion to dismiss, the facts pleaded
must allow the court to infer that the pleader's right to relief
is plausible. Id. at 678. To allege a plausible right to
relief, the facts pleaded must suggest liability; allegations
that are merely consistent with unlawful conduct are
insufficient. Twombly, 550 U.S. at 566-69. "Determining whether
a complaint states a plausible claim for relief . . . [is] a
context-specific task that requires the reviewing court to draw
on its judicial experience and common sense." Iqbal, 556 U.S. at
679.

The pleading requirements are more demanding when a party alleges fraud.  Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Thus, allegations of fraud must meet a higher, or more strict, standard than the basic notice pleading required by Rule 8." Shushany v. Allwaste, Inc., 992 F.2d 517, 521 (5th Cir. 1993); see also Norman v. Apache Corp., 19 F.3d 1017, 1023 (5th Cir. 1994) (holding that while Rules 8 and 9(b) are to be harmonized, "Rule 8 has never been read to eviscerate Rule 9(b)'s requirement that an averment of fraud must be stated with particularity."). "This standard is derived from concerns that unsubstantiated charges of fraud can irreparably damage a defendant's reputation." Norman, 19 F.3d at 1022.

To plead fraud with particularity, as required by Rule 9(b), the plaintiff must include the "time, place and contents of the false representations, as well as the identity of the person making the representation and what that person obtained thereby." United States ex rel. Russell v. Epic Healthcare Mgt. Grp., 193 F.3d 304, 308 (5th Cir. 1999) (internal brackets and quotation marks omitted). In other words, "Rule 9(b) requires that a plaintiff set forth the who, what, when, where, and how

6

of the alleged fraud." United States ex rel. Doe v. Dow Chem.
Co., 343 F.3d 325, 328 (5th Cir. 2003).

"Rule 9(b) applies by its plain language to all averments
of fraud, whether they are part of a claim of fraud or not."
Lone Star Ladies Inc. Club v. Schlotzsky's Inc., 238 F.3d 363,
368 (5th Cir. 2001).  District courts routinely apply Rule
9(b)'s heightened pleading standard to claims under the Texas
Insurance Code, DTPA, and the common law duty of good faith and
fair dealing.  See, e.g., Jaramillo v. Liberty Mut. Ins. Co.,
No. 4:18-CV-00338-Y, 2019 WL 8223608, at *3 (N.D. Tex. Apr. 29,
2019); Burton v. Companion Prop. & Cas. Ins. Co., No. W-14-CV-
054, 2014 WL 12490005, at *4 (W.D. Tex. July 29, 2014).

V.

Analysis

Plaintiffs' claims for violations of the duty of good faith
and fair dealing, the Insurance Code, and the DTPA should be
dismissed.

A.   Plaintiffs' duty of good faith and fair dealing claim
     should be dismissed.

Defendant argues that plaintiffs' claim for breach of the
common law duty of good faith and fair dealing should be
dismissed because they failed to plead specific facts to support
their claim.  Doc. 17 at 6-8.  The court agrees.  "A cause of

7

action for breach of the duty of good faith and fair dealing is
stated when it is alleged that there is [I] no reasonable basis
for denial of a claim or delay in payment or [II] a failure on
the part of the insurer to determine whether there is any
reasonable basis for the denial or delay." Arnold v. Nat. Cty.
Mut. Fire Ins. Co., 725 S.W.2d 165, 167 (Tex. 1987).

Here, plaintiffs fail to plead facts to show that defendant
lacked a reasonable basis to conclude that the damage was caused
by wear and tear instead of the storm. See Doc. 15 ¶¶ 40-45.
Plaintiffs claim that defendant should have known the damage was
caused by the storm because the damage was "significant," id.
¶ 44, and that the storm caused "openings" in the roof through
which water intruded and damaged the interior of the building,
id. ¶ 43. However, they never explain why such openings could
not have been caused by wear and tear. Consequently, plaintiffs
failed to satisfy Rule 8's pleading requirements, and their
claim for breach of the duty of good faith and fair dealing must
be dismissed.

B.   Plaintiffs' Insurance Code claims should be dismissed.

     i.   Section 541.060(a)(1)

Defendant argues that plaintiffs' claim under Texas
Insurance Code § 541.060(a)(1) should be dismissed because it
relates to "alleged misrepresentations that occurred after the

alleged loss, or the storm." Doc. 17 at 5. The court agrees. Section 541.060(a)(1) provides a cause of action against an insurer for "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." Tex. Ins. Code § 541.060(a)(1). Under Texas law, "post-loss statements regarding coverage are not misrepresentations under the Insurance Code." Aguilar v. State Farm Lloyds, No. 4:15-CV-565-A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015); see also Royal Globe Ins. Co. v. Bar Consultants, Inc., 577 S.W.2d 688, 694 (Tex. 1979) (distinguishing between a pre-loss representation that induced the purchase of an insurance policy and a post-loss representation regarding coverage). "The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." Messersmith v. Nationwide Mut. Fire Ins. Co., 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). Because plaintiffs' § 541.060(a)(1) claim relates solely to post-loss representations about the cause of the damage, such claim must be dismissed.[4]

---

[4] Even if a post-loss representation regarding coverage was covered by § 541.060(a)(1), such claim should be dismissed because plaintiffs failed to plead facts to show that they relied on such statement to their detriment as required by Texas law. Provident Am. Ins. Co. v. Castaneda, 988 S.W.2d 189, 200 (Tex. 1998). Plaintiffs plead only that "Plaintiffs relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date." Doc. 15 ¶ 12.

9

ii.   Section 542.003(b)(1)

Defendant asserts that plaintiffs' § 542.003(b)(1) claim must be dismissed because no such private cause of action exists. Doc. 17 at 11-12. The court agrees. Section 542.003(b)(1) states that an insurer may not "knowingly misrepresent[] to a claimant pertinent facts or policy provisions relating to coverage at issue." Tex. Ins. Code § 542.003(b)(1). Federal district courts and Texas appellate courts have routinely held that such provision does not provide a private right of action against such an insurer. Jaramillo v. Liberty Mut. Ins. Co., No. 4:18-CV-00338-Y, 2019 WL 8223608, at *5 (N.D. Tex. Apr. 29, 2019); Kezar v. State Farm Lloyds, No. 1:17-CV-389-RP, 2018 WL 2271380, at *4 (W.D. Tex. May 17, 2018); Great Am. Assur. Co. v. Wills, No. SA-10-cv-353-XR, 2012 WL 3962037, at *2 (W.D. Tex. Sept. 10, 2012); KLZ Diamond Tools, Inc. v. TKG Gen. Agency, Inc., No. 05-14-00458-CV, 2016 WL 3947412, at *6 (Tex. App.—Dallas July 18, 2016); First Am. Title Ins. Co. v. Patriot Bank, No. 01-14-00170-CV, 2015 WL 2228549, at *7 (Tex. App.—Houston [1st Dist.] May 12, 2015). Chapter 541 of the Insurance Code includes a provision entitled "Private Action for Damages Authorized," Tex. Ins. Code § 541.151, but Chapter 542 lacks such a provision. Based on the language, legislative history, and court interpretation of the Insurance

Code, only the Texas Department of Insurance can bring a claim under § 542.003. <u>Jaramillo</u>, 2019 WL 8223608, at *5. Because plaintiff attempts to bring a cause of action that does not exist, such claim should be dismissed.

iii. Remaining Insurance Code claims

Defendant argues that the remaining Texas Insurance Code claims should be dismissed because plaintiffs failed to plead facts to support these claims. The court agrees.

Section 541.060(a)(2)(A) provides a cause of action for "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2)(A). As stated above, plaintiffs have alleged no facts to support the conclusion that defendant's liability was reasonably clear. Consequently, such claim should be dismissed.

Section 541.060(a)(7) provides a cause of action against an insurer for "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." Tex. Ins. Code § 541.060(a)(7). Plaintiffs have not pleaded any facts regarding how defendant's adjuster's investigation was unreasonable other than that the adjuster arrived at what plaintiffs allege is the wrong conclusion regarding the cause of

the damage.  Instead, plaintiffs state conclusions such as,
"Although the storm caused significant damage to the property,
Defendant's adjuster did not document any storm related damage
to the roof."  Doc. 15 ¶ 44.  Consequently, such claim should be
dismissed.

Section 541.060(2)-(5) provides several causes of action
against insurers involving delays in settlement, in explaining
the basis of a claim denial, and in the affirmation or denial of
coverage.  Tex. Ins. Code § 541.060(2)-(5).  The second amended
complaint's only mention of delay appears in the conclusory
statement that defendant violated § 541.060(2)-(5) by
"unreasonably delaying the investigation, adjustment, settlement
offer and prompt resolution of Plaintiffs' claim."  Doc. 15
¶ 23(B).  Consequently, such claim should be dismissed.

Section 541.151(2) provides a cause of action for certain
"unlawful deceptive trade practice[s] if the person bringing the
action shows that the person relied on the act or practice to
the person's detriment."  Tex. Ins. Code § 541.151(2).  However,
plaintiffs have pleaded no facts related to reliance.  Instead,
plaintiffs plead only that "Plaintiffs relied on Defendant and
Defendant's assigned adjuster to properly adjust the claim
regarding the Property and to be issued payment to fix such
damage, which did not happen and has not been rectified to

12

date." Doc. 15 ¶ 12. Because plaintiffs failed to plead facts to support their § 541.151(2) claim, such claim should be dismissed.

C.   Plaintiffs' remaining DTPA claims should be dismissed.

Defendant asserts that plaintiffs' remaining[5] DTPA claims should be dismissed for failure to state a claim. Doc. 17 at 10. The court agrees.

Texas Business and Commercial Code § 17.50(a)(4) provides for a cause of action by a consumer for damages resulting from "the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code." Tex. Bus. & Com. Code § 17.50(a)(4). Because all of plaintiffs' claims brought pursuant to the Insurance Code should be dismissed, this claim should also be dismissed.

Plaintiffs' sole remaining DTPA claim is based on defendant allegedly "[h]iring and relying upon a biased adjuster . . . to assist Defendant in severely underpaying and/or denying Plaintiffs' damage claim." Doc. 15 ¶ 23(D). Plaintiffs state that they bring this claim pursuant to Texas Business and Commercial Code § 17.46(31), id., but such provision relates to the production and sale of synthetic substances and does not

---

[5] Two claims listed in the DTPA section of the second amended complaint were brought pursuant to the Texas Insurance Code, Doc. 15 ¶ 23(B)-(C), and were discussed above.

13

mention biased employees.  Tex. Bus. & Com. Code § 17.46(31).
Although defendant pointed out this error, Doc. 17 at 10,
plaintiffs did not provide the proper provision in their
response, Doc. 19.  Such claim should therefore be dismissed.

VI.

Order

Therefore,

The court ORDERS that such motion to dismiss be, and is
hereby, granted, and that plaintiffs' claims and causes of
action against defendant for violations of the Texas Insurance
Code, the DTPA, and the common law duty of good faith and fair
dealing be, and are hereby, dismissed.

SIGNED August _*10*_, 2020.

JOHN McBRYDE
United States District Judge

14